(No. 5600. December 17, 1930.)

MRS. T. G. TWITCHELL, Widow, and MYRVIN DAVIS, Administrator of the Estate of TOM TWITCHELL, Deceased, Appellants, v. C. W. BEARDMORE, Employer, and UNITED STATES FIDELITY & GUARANTY COMPANY, Surety, Respondents.

[295 Pac. 428.]

Myrvin Davis, for Appellants.

Sidney H. Smith, for Respondents.

BUDGE, J.—This proceeding is here for review on appeal from a judgment of the district court of the eighth judicial district, affirming an order of the Industrial Accident Board denying compensation to appellants as dependent widow, and administrator of the estate of, Thomas Twitchell.

Deceased was in the employ of C. W. Beardmore, and on April 29, 1929, in the course of his employment, was riding a log down a flume, when, through unknown causes, he was thrown ahead of the log into the water and, after several attempts climbed out of the flume and went home. Later in

the evening he went to a physician and surgeon who found he had a dislocated shoulder and a slight bruise on one leg. There were no other apparent injuries, The shoulder was set and deceased returned home that evening. He stayed around home, went fishing and other places, and rested until May 21, 1929, when he returned to work. During this period of time he suffered some pain and soreness intermittently in his left side along the ribs. After his death, which occurred May 22, 1929, a post-mortem examination was made to determine the cause of death, and the two physicians and surgeons making the examination found an extensive myocarditis, degeneration of the muscular tissues of the heart, and discoloration of the lung tissues; the condition being such that the doctors performing the post-mortem examination determined that the heart condition had existed over a period of a number of years and that the cause of death was chronic myocarditis affecting chiefly the right auricle of the heart; and that the injuries sustained by the deceased on April 29, 1929, were not the cause of his death.

Substantially, the foregoing recital of facts is sustained by the record. In this connection it may be said that the evidence is undisputed so far as the accident is concerned. There is some conflict in the evidence as to the physical condition of the deceased prior to his injury on April 29, 1929. Two of his brothers testified in general terms that the deceased was strong and healthy. However, the record discloses that one of the brothers had not seen him since the Christmas before his injury, and the other brother, so far as disclosed by the record, had not seen him for seven years until Christmas of 1928 and the Thursday before he died.

During the hearing of the proceeding before the Industrial Accident Board counsel for the claimants made the statement that ''it is not shown here and it is not intended to be shown by us that Mr. Twitchell's death arrived through a dislocation of the shoulder, but that it did arrive, and the cause of his death was the accident to him in the flume, which, of course, can be easily seen is different from the dislocation of the shoulder.'' We are therefore not further con-

cerned with the question of whether the dislocation of the shoulder was the proximate cause of the death or had any material bearing upon the condition which caused the death. The question is narrowed down to the one proposition, viz., whether the death of deceased resulted from or had any connection with his accidental precipitation into the water of the flume and his struggles to extricate himself. The Industrial Accident Board found, and its finding was affirmed by the district court, "That the death of said deceased, Tom Twitchell, was not the result of the accident or injury, or either of them, received by him as above described on the 29th day of April, 1929, and was in no way connected therewith, and that his death was not the result of a personal injury by accident arising out of and in the course of his employment with the . . . . defendant. . . . . "

We think this finding is sustained by competent substantial evidence. The testimony of the physicians performing the autopsy is without conflict as to the condition of the heart of deceased, and that he was afflicted with an extensive myocarditis; and it is not established that the accident or injury had any relation to the cause of death.

No point is made that compensation should have been awarded from the date of the injury to the date of death.

The judgment is affirmed; nò costs awarded.

Givens, C. J., and Lee, Varian and McNaughton, JJ., concur.